# EXHIBIT A

COPY

## COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX: ss.                                                    SUPERIOR COURT
                                                                  C.A. NO.:

---

JAMES L. GRUBB, SR.
       Plaintiff,

v.

FORD MOTOR COMPANY
       Defendant.

FILED
... CLERK OF THE
FOR ... COURTS
... MIDDLESEX
DEC 12 2012

12-4845

---

### PLAINTIFF'S COMPLAINT AND DEMAND FOR TRIAL

### PARTIES

1. The plaintiff, James L. Grubb, Sr., is an individual who resides at 1 Lampson Lane, Billerica, Massachusetts.

2. The defendant, Ford Motor Company, is a Delaware corporation with a principal place of business at One American Road, Dearborn, Michigan.

3. The jurisdiction of this Court over defendant Ford Motor Company is conferred pursuant to the Massachusetts Long Arm Statute, G.L. c. 223A et. seq., due to the defendant's acts and business conduct within this jurisdiction.

### FACTS

4. On or about July 2, 2007, the defendant distributed a new 2007 Ford F-150 pickup ("the vehicle") to the plaintiff, James L. Grubb, Sr. The vehicle had been manufactured by the defendant, Ford Motor Company, some time before. This transaction took place in Medford, County of Middlesex, Commonwealth of Massachusetts, and the vehicle was purchased from a dealer, Sentry Ford, in Medford, Massachusetts.

5. At all material times, the vehicle manufactured by the defendant, Ford Motor Company, was not of merchantable quality and was defective, which defect could not have reasonably been discovered by the plaintiffs, and was not fit for any ordinary and reasonable purpose contemplated for its use. The defendant, Ford Motor Company's manufacture and/or distribution of the vehicle in a defective condition was negligent, breached the warranties applicable to the vehicle, and represented a violation of applicable laws and regulations.

6. On or about December 16, 2009, the plaintiff, James L. Grubb, Sr., was the operator of the vehicle when it was involved in a collision which occurred on 95/128 North at Route 2 in Lexington, Massachusetts. Plaintiff's seat belt did not lock in place, nor did the airbag deploy.

## COUNT I
## NEGLIGENCE

7. Plaintiff incorporates herein paragraphs one through six of this Complaint.

8. Defendant Ford Motor Company allowed a vehicle to be placed in the stream of commerce which had a defective airbag.

9. Given the impact involved, the airbags should have deployed but for the defect in the manufacture of the vehicle by the defendant.

10. As a result of the airbags failure to deploy, Plaintiff suffered personal injuries and was caused to suffer great pain of body and anguish of mind. Plaintiff's injuries were made greater by the failure of the airbags to deploy.

## COUNT II
## BREACH OF WARRANTY

11. Plaintiff incorporates herein paragraphs one through ten of this Complaint.

12. As a direct and proximate result of the unsafe, defective and unreasonably dangerous condition of Ford's product, which it placed into the stream of commerce, Plaintiff was seriously injured while using the product in a reasonable and foreseeable manner.

13. As a direct result of this product's unsafe, defective and unreasonably dangerous condition, it violated the implied warranties of merchantability and fitness for a particular purpose, and was the proximate cause of Plaintiff's physical and mental injuries, medical costs, emotional distress, and other damages.

WHEREFORE, Plaintiff demands judgment against Defendant Ford Motor Company in an amount to be determined at the trial of this matter, together with interest and costs.

The plaintiff demands a trial by jury on all issues.

DATED: December 12, 2012

Respectfully submitted,

Andrew S. Wainwright, Esq., BBO #560060
THORNTON & NAUMES, LLP
100 Summer Street, 30th floor
Boston, MA 02110
(617) 720-1333
(617) 720-2445 (fax)
AWainwright@tenlaw.com

| CIVIL ACTION COVER SHEET | TRIAL COURT OF MASSACHUSETTS SUPERIOR COURT DEPARTMENT COUNTY OF MIDDLESEX | DOCKET NO. *12-4845* |
|---|---|---|
| PLAINTIFF(S) James L. Grubb, Sr. | | DEFENDANT(S) Ford Motor Company |

Type Plaintiff's Attorney name, Address, City/State/Zip Phone Number and BBO# | Type Defendant's Attorney Name, Address, City/State/Zip Phone Number (If Known)

Andrew S. Wainwright, Esq.
THORNTON & NAUMES, LLP
100 Summer St., 30th Fl., Boston, MA 02110
617-720-1333
Board of Bar Overseers number: 560060

### TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

CODE NO.    TYPE OF ACTION (specify)    TRACK                IS THIS A JURY CASE?

B05 Product Liability - Average Track                          ⦿ ] Yes   ○ ] No

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
  1. Total hospital expenses                                    $ 39,129
  2. Total doctor expenses                                      $
  3. Total chiropractic expenses                                $
  4. Total physical therapy expenses                            $  5,010
  5. Total other expenses (describe)                            $    800
     Ambulance                                      Subtotal  $ 44,939
B. Documented lost wages and compensation to date              $
C. Documented property damages to date                         $
D. Reasonably anticipated future medical expenses              $  2,000
E. Reasonably anticipated lost wages and compensation to date  $
F. Other documented items of damages (describe)
                                                               $
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)
   Plaintiff sustained a left distal radial fracture which
   required two surgeries to be performed.                    in excess of
   Plaintiff has also incurred pain and suffering.       Total $ 46,939

### CONTRACT CLAIMS
(Attach additional sheets as necessary)
Provide a detailed description of claim(s):

                                                        TOTAL   $..........

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____      Date: December 12, 2012
A.O.S.C. 3-2007         Andrew S. Wainwright, Esq.